## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER  CORNETT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 2:15-cv-00423-WTL-MJD |
| | ) | |
| WARDEN USP Terre Haute, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Motion to Reconsider**

Christopher Cornett is confined at a federal prison within the Southern District of Indiana.

He filed the present action on December 29, 2015. Based on its initial review, the Court ordered

Cornett to make his claim more specific, because he is not permitted to seek habeas corpus relief

and review pursuant to the Administrative Procedures Act in the same lawsuit. Cornett has

responded by (1) stating that he seeks only habeas relief in this action, and (2) asserting that he did

not invoke or even refer to the Administrative Procedures Act ("APA"). He objects to the court's

characterization of the initial pleading and also seeks issuance of a writ of habeas corpus without

delay. The court has the authority to consider this request. *Peterson v. Lindner,* 765 F.2d 698, 704

(7th Cir. 1985)(a district court clearly has the "inherent power to modify or rescind interlocutory

orders prior to final judgment").

**I.**

The APA is codified at 5 U.S.C. § 702. The title given to the initial pleading, which is

typed, is the following:

> Re: Petition for Writ of Habeas Corpus Pursuant to Title 28 U.S.C. s/s 2241 *and*
> *complaint pursuant to Title 5 U.S.C. s/s 702*, Christopher Cornett v. Warden USP
> Terre Haute

(emphasis added). The first sentence following the salutation in the initial pleading is the

following:

> Please accept this letter/certification in lieu of a more formal writ of habeas corpus
> pursuant to Title 28 U.S.C. s/s 2241 *and Title 5 U.S.C. s/s 702*

(emphasis added). Cornett pointed out following the passage just quoted that he was without

counsel and sought liberal construction of his pleadings. The complete text of the material just

highlighted is the following:

> Re: Petition for Writ of Habeas Corpus pursuant to Title 28 USC s/s 2241 and complaint pursuant to Title 5 USC s/s 702,
> Christopher Cornett v Warden USP Terre Haute
>
> Clerk of Court
>
> Please accept this letter/certification in lieu of a more formal writ of habeas corpus pursuant to Title 28 U.S.C. s/s 2241 and Title 5 U.S.C. s/s 702. I, the petitioner have exhausted ALL administrative remedies available as a prisoner confined in a federal institution. I invoke United States Supreme Court (SCOTUS) jurisprudence Haines v Kerner, 404 US 519 (1972) and Houston v Lack, 487 US 266 (1988) as a pro se incarcerated litigant. I, the undersigned petitioner also motions this Court to proceed in FORMA PAUPERIS, attached hereto Exhibit [M & N] is the affidavit in support in thereof with the required inmate account statement. This petition is made with all rights reserved and without prejudice.

Based on its examination of Cornett's initial pleading, the Court issued the following order on

January 6, 2016, omitting the caption and formal portions:

> The petitioner, a federal inmate, has submitted what he has characterized as
> a petition for writ of habeas corpus and a complaint pursuant to the Administrative
> Procedures Act.
> The petitioner may do either or both of those things, but he may not combine
> a habeas petition with any other form of claim in a single lawsuit.
> The petitioner shall therefore have **through January 21, 2016** in which to
> notify the court that he wishes to (a) proceed solely with the claim for habeas corpus
> relief or (b) proceed solely with the claim pursuant to the Administrative
> Procedures Act. Whether he elects to proceed with a second, separate lawsuit is up
> to him.

From the pleading standpoint, it was within Cornett's prerogative to construct his initial pleading in a fashion which he desired. *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005) (explaining that a plaintiff is the master of his own complaint). From the portions of the initial pleading quoted above, however, the Court was entirely accurate in noting that Cornett appeared to assert a claim pursuant to the APA. The Court was also correct in noting that such a claim could not be joined in an action for habeas corpus relief. Giving Cornett's initial plead a liberal construction to which he was entitled, and which he explicitly sought, the Court could not ignore either characterization and acted entirely reasonably in offering Cornett the opportunity to clarify his purpose. He takes umbrage at the Court having done so, but his objection is based on the denial of having made the references he twice placed conspicuously in the opening portions of the pleading. There was no mischaracterization of his pleading by the Court. His objection to the Court's treatment of the initial pleading and to the directions given to him [dkt 4] is therefore **overruled.**

## II.

Despite rejecting as unfounded Cornett's objection to the prior characterization of his initial pleading, the Court recognizes that he has been emphatic in asserting that he seeks only habeas corpus relief. His initial pleading will thereafter hereafter be treated as his petition for a writ of habeas corpus. His current explanation of the reference to the APA in his habeas petition is that this relates to the requirement that he exhaust administrative remedies before seeking habeas relief. This explanation is correct in principle, but has no relation to the APA. That is, exhaustion of administrative remedies is required, *see Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004) ("A common-law exhaustion rule applies to § 2241 actions even though [42 U.S.C.] § 1997e(a) does not."), but this is "judge made for federal [habeas corpus cases]," *Greene v. Meese*, 875 F.2d

639, 640 (7th Cir. 1989), not a requirement of statute, including the APA. This makes the reference

to the APA even more peripheral to the habeas claim, but the reference is disregarded because

Cornett is entitled to the liberal construction of his habeas petition. And of course, at present the

Court has insufficient information from which it could be determined that Cornett did, or did not,

properly exhaust available administrative remedies before filing this action.

### III.

As noted, Cornett also claims that issuance of the requested writ is warranted based solely

on the filing of his petition and the proceedings described above. The Court does not agree,

however, and does not take that step. Cornett's demand for the issuance of a writ of habeas corpus

at this point [dkt 4] is therefore **denied.**

Instead, the habeas petition, as now clarified for what it was intended to be, is subject to

screening. In order to conduct that screening in a meaningful fashion, additional information from

Cornett is required. He shall have **through April 7, 2016** in which to **supplement** his petition for

writ of habeas corpus be *explaining* in what manner he has been "forc[ed]" to pay his restitution

through the IFRP and by *specifying* whether he seeks habeas corpus relief based on (1) the alleged

failure of the Bureau of Prisons to issue a timely response to his administrative remedy requests

or appeal(s) or (2) the collection of restitution through the IFRP—or both.

IT IS SO ORDERED.

Date: 2/29/16

Distribution:

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

CHRISTOPHER  CORNETT    Reg. No. 26642-180
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808