UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CHRISTOPHER CORNETT, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>WARDEN USP Terre Haute, )<br>)<br>Respondent. ) | No. 2:15-cv-00423-WTL-MJD |

**Entry Directing Further Proceedings**

The petitioner, a federal inmate who seeks a writ of habeas corpus, was given through April 7, 2016 in which to **supplement** his petition for writ of habeas corpus by *explaining* in what manner he has been "forc[ed]" to pay his restitution through the IFRP and by *specifying* whether he seeks habeas corpus relief based on (1) the alleged failure of the Bureau of Prisons to issue a timely response to his administrative remedy requests or appeal(s) or (2) the collection of restitution through the IFRP—or both.

**I.**

The petitioner has responded with his filing of April 5, 2016, wherein he makes the wild contention that the administrative steps offered by and then taken by the BOP have unlawfully resulted in the issuance of a new judgment in his criminal prosecution. He also explains, somewhat more sensibly, that the BOP had him over a barrel when offering the IFRP to him because the consequences of his refusal could include the loss of eligibility for certain programming and the possible loss of other privileges.

## II.

Before the Court undertakes an assessment of the petitioner's claims, however, it must also be noted that he filed a notice of appeal from the Entry of February 29, 2016 denying his motion to reconsider the order of January 6, 2016. His appeal has been docketed as No. 16-1612.

Without a doubt, final judgment has not been entered in this action and this Court has not concluded the steps required for adjudication of the habeas petition. However, an interlocutory appeal can be authorized pursuant to 28 U.S.C. § 1292(b). A district court is authorized to certify a non-final order for appeal under 28 U.S.C. § 1292(b) when it is of the opinion that such an order "involves a controlling question of law, as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." The Seventh Circuit explains that the following five criteria must all be satisfied before a district court should certify an interlocutory appeal:

> (1) the appeal presents a question of law; (2) it is controlling; (3) it is contestable; (4) its resolution will expedite the resolution of the litigation, and (5) the petition to appeal is filed in the district court within a reasonable amount of time after entry of the order sought to be appealed.

*Boim v. Quranic Literacy Inst. & Holy Land Found. for Relief & Dev.*, 291 F.3d 1000, 1007 (7th Cir. 2002). "Unless all these criteria are satisfied, the district court may not and should not certify its order to us for an immediate appeal under section 1292(b)." *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000). Only "exceptional" circumstances warrant interlocutory appeals under § 1292(b). *See, e.g., Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996); *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978); *see also Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84 (1981) (Interlocutory appeals are generally prohibited unless litigants can show that an order will have serious consequences that can only be prevented by immediate appeal rather than appeal after judgment.).

"A notice of appeal deprives the district court of jurisdiction over the issues presented on the appeal." *Blue Cross and Blue Shield Ass'n v. American Express Co.*, 467 F.3d 634, 637 (7th Cir. 2006)(citing *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56 (1982)). "The purpose of this rule is to avoid the confusion of placing the same matter before two courts at the same time and to preserve the integrity of the appeal process." *Levey v. Sys. Div., Inc., (In re Teknek, LLC),* 563 F.3d 639, 651 (7th Cir. 2009)(citing *Whispering Pines Estates, Inc. v. Flash Island, Inc.,* 369 B.R. 752, 757 (Bkrtcy.App. 1 (N.H.) 2007)).

The general rule just cited "does not operate . . . where there is a purported appeal from a non-appealable order." *United States v. Bastanipour*, 697 F.2d 170, 173 (7th Cir. 1982), *cert. denied,* 460 U.S. 1091 (1983)(citing United States v. Garner, 663 F.2d 834, 838 (9th Cir. 1981), and **Moore's Federal Practice** ¶ 203.11, at 3-51 (2d ed. 1982)); *see also Szabo v. U.S. Marine Corp.,* 819 F.2d 714, 717 (7th Cir. 1987)("if there was no final order when [defendants] filed [their] notice of appeal, the notice was premature, and did not confer appellate jurisdiction"), *amended,* (7th Cir. May 27, 1987)(citing *United States v. Hansen,* 795 F.2d 35 (7th Cir. 1986)).

In this case, although the notice of appeal has been processed, no certification pursuant to § 1292(b) has been issued. In fact, no certification pursuant to § 1292(b) has even been sought. It is very likely, therefore, that the petitioner's "interlocutory appeal" is a nullity. To err on the side of caution, however, and avoid the substantial problem which would result if this Court proceeds and it is later determined that it did so without jurisdiction because of the interlocutory appeal, the petitioner shall have **30 days in which to seek a stay of proceedings in this Court** until the appeal docketed as No. No. 16-1612 has been concluded.

IT IS SO ORDERED.

Date: 4/14/16

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

CHRISTOPHER CORNETT   Reg. No. 26642-180
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808