UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CHRISTOPHER CORNETT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 2:15-cv-00423-WTL-MJD |
| ) | |
| WARDEN USP Terre Haute, ) | |
| ) | |
| Respondent. ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

**A.**

The petitioner, a federal inmate who seeks a writ of habeas corpus, was given a period of time in which to **supplement** his petition for writ of habeas corpus *explaining* in what manner he has been "forc[ed]" to pay his restitution through the IFRP and by *specifying* whether he seeks habeas corpus relief based on (1) the alleged failure of the Bureau of Prisons to issue a timely response to his administrative remedy requests or appeal(s) or (2) the collection of restitution through the IFRP—or both.

The petitioner has responded with his filing of April 5, 2016, wherein he makes the wild contention that the administrative steps offered by and then taken by the BOP have unlawfully resulted in the issuance of a new judgment in his criminal prosecution. He also explains, somewhat more sensibly, that the BOP had him over a barrel when offering the IFRP to him because the

consequences of his refusal could include the loss of eligibility for certain programming and the possible loss of other privileges.

The petitioner's appeal from the Entry of February 29, 2016 denying his motion to reconsider the order of January 6, 2016 was docketed as No. 16-1612 and has just recently been dismissed for lack of jurisdiction because of the absence of a final judgment. The mandate dismissing the appeal was issued on July 21, 2016. This ill-conceived interlocutory appeal, therefore, has consumed four months—more than half of the period from the filing of the action to the present.

**B.**

The foregoing sets the stage for the screening of the habeas petition, which may be summarily dismissed if the petition appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). As explained below, that is the situation here.

Cornett's claim relates to the execution of his sentence and is properly brought as a petition for habeas relief pursuant to 28 U.S.C. § 2241. *Fontanez v. O'Brien,* 807 F.3d 84, 87 (4th Cir. 2015)("challenge to the BOP's administration of the IFRP is a challenge to the 'execution' of a sentence that is cognizable under 28 U.S.C. § 2241").

The IFRP refers to the Federal Bureau of Prisons' Inmate Financial Responsibility Program. The IFRP allows prisoners to meet their financial responsibilities by contracting for a payment schedule with BOP staff and is meant to "encourage[ ] each sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R. § 545.10. Those financial obligations generally consist of a fine, an order for restitution, and/or a special assessment imposed as part of a criminal judgment. Under the IFRP, prison staff "shall help th[e] inmate develop a financial plan and shall monitor the inmate's progress in meeting" his obligations. 28 C.F.R. § 545.11. Thus, the goal of

the IFRP is to achieve compliance with a provision of each convict's criminal judgment—namely the timely payment of whatever sum the court has ordered him to pay. *McGee v. Martinez,* 627 F.3d 933, 936 (3d Cir. 2010).

Case upon case makes this point: "The IFRP can be an important part of a prisoner's efforts toward rehabilitation, but strictly speaking, participation in the program is voluntary[;] . . . an inmate in the Bureau of Prisons' custody may lose certain privileges by not participating in the IFRP, but the inmate's participation cannot be compelled." *United States v. Boyd,* 608 F.3d 331, 334 (7th Cir. 2010). The Bureau of Prisons lacks the power to compel participation in the IFRP. Administrators may establish a payment schedule, but a prisoner may choose instead to bear the consequences of not participating. See 28 C.F.R. § 545.11(d); *United States v. Lemoine*, 546 F.3d 1042, 1046 (9th Cir. 2008). Cornett's allegations show that he has agreed to the terms of an IFRP contact with the Bureau of Prisons. His agreement to those terms contracts his claim that he was coerced into doing so and he presents no suggestion that his participation in the IFRP has been compelled by the BOP other than his dissatisfaction with the program and the manner in which he will continue to meet substantial financial responsibilities based on the sentence in his case on February 15, 2013—a responsibility that will exceed ten million dollars. The fact that Cornett did not like the options he had with respect to the IFRP is not a basis on which to condemn that choice itself as unlawful.

Cornett contends that the BOP lacks jurisdiction to implement a method of payment of the fine which was imposed as part of his criminal sentence. By implementing the judgment in a manner not authorized, Cornett reasons that the BOP has created an "intervening judgment." Armed with an intervening judgment, Cornett believes that he can challenge the original judgment.

"[A]n argument that depends on calling a duck a donkey is not much of an argument." *Gilbert v. United States*, 640 F.3d 1293, 1320 (11th Cir. 2011), *cert. denied,* 132 S. Ct. 1001 (2012). Cornett's "intervening judgment" theory is such an argument--a complete fabrication. PACER records show that there has been but a single judgment issued in the prosecution of Cornett in the Western District of Texas in No. 1:12-cr-00253-SS-1. The BOP does not have authority to revise judgments and Cornett does not suggest that the BOP has explicitly attempted to do so.

Cornett's habeas petition challenging the manner in which the IFRP is being applied to collect the financial obligations imposed as part of his sentence does not render that collection action unlawful in any fashion. *United States v. Sawyer,* 521 F.3d 792, 796 (7th Cir. 2008)("leaving payment during imprisonment to the Inmate Financial Responsibility Program is not an error at all, let alone a plain error. The statute requires the judge to set a schedule if the defendant cannot pay in full at once, see 18 U.S.C. § 3664(f)(2), but it does not say when the schedule must begin. We hold today that it need not, and as a rule should not, begin until after the defendant's release from prison. *Payments until release should be handled through the Inmate Financial Responsibility Program rather than the court's auspices*")(emphasis added). *See also Jordan v. Holt*, 488 F. App'x 587, 588 (3d Cir. 2012)("as we have already pointed out, participation in the IFRP is voluntary. The BOP only 'implements' the IFRP after a prisoner has chosen to participate in it. Jordan cannot be heard to complain about the 'unlawful action of scheduling [his] restitution payments' after he elected participation in the IFRP."); 'unlawful action of scheduling [his] restitution payments' after he elected participation in it."); *Duronio v. Werlinger,* 454 F. App'x 71, 73-74 (3d Cir. 2011) (affirming denial of habeas petition where petitioner alleged BOP unlawfully modified restitution schedule by finding that petitioner's voluntary participation in the IFRP is determinative as it provides the BOP the authority to collect restitution funds).

Cornett's petition for writ of habeas corpus shows on its face that he is not entitled to the relief he seeks and that petition is **denied.**

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 8/2/16

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

CHRISTOPHER  CORNETT   Reg. No. 26642-180
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808